IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                      No. CR S-97-0228 GEB DAD P

    vs.

LEOFREDO LOPEZ,                        <u>ORDER AND</u>

        Petitioner.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner Leofredo Lopez has filed a petition for writ of error audita querela with this court pursuant to 28 U.S.C. § 1651 and 18 U.S.C. § 3231.[1]  Therein, petitioner challenges his 1998 conviction and sentence in this court for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1) and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  The challenged judgment of conviction was entered in this court on March 27, 1998. (Doc. No. 92.)  On May 28, 1999, the judgment was affirmed by the U.S. Court of Appeals for the Ninth Circuit. (Doc. No. 109.)

---

[1] Title 28 U.S.C. § 1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  Title 18 U.S.C. § 3231 is a criminal provision with respect to the exclusive jurisdiction of the district courts of the United States over all offenses against the laws of the United States.

1

In his petition for writ of error audita querela, petitioner contends that although the judgment of conviction was correct when entered, it is now "infirmed" in light of the U.S. Supreme Court's subsequent decisions in United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), Apprendi v. New Jersey, 530 U.S. 466 (2000), and Jones v. United States, 526 U.S. 227 (1999).[2] (Petition (Doc. No. 158) at 1.) Specifically, petitioner asserts that he is presenting the following issues:

> 1. Whether Movant's sentence and conviction is unconstitutional under Apprendi.
>
> 2. Congress's intended "sentencing factors", the treatment of drug type and quantity under §841(b), is unconstitutional under the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 566 (2000).
>
> 3. Congress intended for drug type and quantity under §841(b) to be sentencing factors provable to a judge by only a preponderance of the evidence, the courts cannot now judicially rewrite the statute to bring it into compliance with Apprendi.
>
> 4. Whether the District Court's jurisdiction lost the power to sustain the subject matter jurisdiction of the presentencing report investigation (PSIR), which contains constitutional errors based on recent Supreme Court's line of rulings requiring resentencing.
>
> 5. Whether the appellant can assert an effective or counsel claim, in urging appellant to plead guilty thereby foreclosing attack on antecedent constitutional violations.
>
> 6. Whether petitioner has standing to raise the defense of outrageous government conduct.

(Pet. at 4.)

**I. Procedural History**

On May 22, 2000, petitioner filed with this court a motion to vacate, set aside and correct his 1998 sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 110.) On June 2, 2000, the

---

[2] Petitioner also refers to the decision in United States v. Fanfan, providing a partial and inaccurate citation to "218 S. Ct." and a date of decision in 2005. However, the only decision on the merits by the U.S. Supreme Court with respect to Fanfan was that set forth in United States v. Booker, 543 U.S. 220 (2005) in which both Booker and Fanfan were respondents.

court ordered the respondent to file an answer and for petitioner to file a traverse. Respondent's answer to the § 2255 motion was filed on June 28, 2000. However, instead of filing a traverse, petitioner filed a motion to expand the record and a motion to amend his § 2255 motion. (Docs. No. 114 & 115.) In his motion to amend, petitioner requested that the court proceed with his Apprendi claim but dismiss with prejudice all of his other claims. (See Doc. No. 119 at 1.) However, because petitioner had failed to include an Apprendi claim in his § 2255 motion and had failed to serve the motion to amend on respondent, the court ordered him to file a new motion for leave to amend his § 2255 motion along with a proposed amended § 2255 motion. (Id. at 1-2.) Petitioner was provided several extensions of time to comply with the court's order. (Docs. No. 123, 125 & 127.) On November 14, 2002, petitioner finally filed an amended § 2255 motion in which he claimed that his trial counsel had provided him ineffective assistance. (Doc. No. 128.) The court ordered respondent to file a response to the amended motion, and for petitioner to file his traverse. (Doc. No. 130.) On May 2, 2003, respondent filed an answer (Doc. No. 132) and on June 12, 2003, petitioner filed his traverse (Doc. No. 135).[3]

On May 16, 2007 the undersigned issued findings and recommendations recommending that both petitioner's amended § 2255 motion to vacate, set aside, or correct the sentence be denied and his motion to reinstate his Apprendi claim be denied. (Doc. No. 155.) On July 6, 2007, the assigned District Judge adopted those findings and recommendations, denied the amended § 2255 motion and denied petitioner's motion to reinstate his Apprendi claim. (Doc. No. 156.)

---

[3] Before the court issued a ruling on the amended § 2255 motion, however, petitioner filed several additional motions. First, on October 18, 2004, petitioner filed another motion for reinstatement of his Apprendi claim (Doc. No. 138). This motion was addressed in the court's findings and recommendations, filed on May 16, 2007. (Doc. No. 155 at 13-14.) On March 7, 2005, petitioner filed a motion seeking to have his sentence reduced. (Doc. No. 141.) That motion was denied by the assigned District Judge on March 9, 2005, due to the court's lack of jurisdiction to modify the sentence imposed in 1998. (Doc. No. 142.) On July 26, 2006, petitioner filed another motion seeking sentencing relief and a review of both his sentence and his supervised release term. (Doc. No. 146). That motion was denied on September 1, 2006 (Doc. No. 148) and the court's decision in this regard was affirmed on appeal (Doc. No. 157).

Finally, the court's docket reflects that on April 12, 2005, the Ninth Circuit Court of Appeals denied petitioner application to file a second or successive § 2255 motion because petitioner had failed to make the required prima facie showing of newly discovered evidence or a new rule of constitutional law which was made retroactive. (Doc. No. 144.)

**II. Requirements for a Writ of Audita Querela**

> Audita querela, literally "the complaint having been heard," is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of the circumstances that arose after the judgment was issued.

Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007). "The writ [of audita querela], or a modern equivalent, at least potentially survives in the federal criminal context . . . under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954) and the All Writs Act." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir.2001).[4] "[The Ninth Circuit has] stated subsequently that Morgan stands for the proposition that the common law writs, such as coram nobis and audita querela, are available to fill the interstices of the federal postconviction remedial framework." Valdez-Pacheco, 237 F.3d at 1079 (quoting Doe v. Immigration and Naturalization Service, 120 F.3d 200, 203 (9th Cir.1997)) (internal quotations omitted). However, "[a] prisoner may not circumvent [the] valid congressional limitations on collateral attacks [in the Antiterrorism and Effective Death Penalty Act ("AEDPA") ] by asserting that those very limitations create a gap in the postconviction remedies that must be

---

[4] However the Ninth Circuit has also noted that some court have questioned whether the petition for audita querela remains an available remedy.

> [S]everal courts have questioned, without deciding, whether audita querela survives at all. "[B]ecause the so-called 'pure equity' variant of audita querela finds no support in the historical definition of the writ, the authority of federal courts to use it as a 'gap filler' under the All Writs Act is open to serious doubt."
> [United States v. ]Ayala, 894 F.2d [425] at 429 [(D.C. Cir. 1990)].

Doe v. Immigration and Naturalization Service, 120 F.3d 200, 204 n.5. (9th Cir. 1997)

filled by the common law writs." Id. (citations omitted). See also Carrington, 503 F.3d at 890 (holding that the statutory limits on second or successive habeas does not create such a "gap" that allows an inmate to proceed with this common law writ); In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (concluding that if the AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted [federal prisoners] to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions).

Moreover, a writ of audita querela "is not an available remedy where the claims raised would be cognizable in a §2255 habeas petition." Carrington, 503 F.3d at 890. See also United States v. Gamboa, 608 F.3d 492, 492 (9th Cir. 2010) ("[A] federal prisoner may not challenge his or her sentence pursuant to a petition for a writ of audita querela if the requested relief can be obtained under § 2255.")  Finally, the writ of audita querela is available only when there is a "'legal defect in the conviction[.]'" Doe v. Immigration and Naturalization Service, 120 F.3d 200, 203 (9th Cir. 1997) (quoting United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992)).  A petition for writ of audita querela cannot be used to provide purely equitable relief. Id. at 204.

 III.  Analysis

In the pending petition petitioner once again seeks to challenge the validity of his federal conviction and sentence based on the decisions of the United States Supreme Court in Apprendi, Booker, Blakely, and Jones.  However, such a claim falls squarely within the scope of those claims cognizable in a § 2255 proceedings and, therefore, cannot be pursued by way of this petition for writ of audita querela.  See United States v. Chavez-Cuevas, No. 1:00-CR-033-BLW, 2010 WL 3735287, at *2 (D. Idaho Sept. 14, 2010) (finding that a Booker challenge is typically cognizable in a § 2255 proceeding and that, therefore, a petition for a writ of audita querela was not available to petitioner); Gonzalez v. United States, Nos. 10-CV-1215-IEG (WMC), 98-CR-88-IEG, 2010 WL 2652292, at *2 (S.D. Cal. June 30, 2010) (holding that despite the petitioners'

attempt to re-cast their claims to relief under the decisions in Booker, Apprendi, and Jones in their petition writ of audita querela, such claims constituted an attack on their sentences and the constitutionality of their convictions which are "subjects firmly within the scope of challenges that may be raised under 28 U.S.C. § 2255," making a writ of audita querela unavailable to them). Here, because all of petitioner's claims are within the scope of those cognizable in § 2255 proceedings, there is no gap in post-conviction relief which would permit petitioner to proceed with this writ of audita querela.[5]

Moreover, petitioner has been specifically denied permission by the Ninth Circuit to file a second or successive § 2255 motion in this action. (See Doc. No. 144.) Absent such permission, petitioner cannot be permitted to circumvent congressional limitations on collateral attacks upon criminal convictions and sentences imposed under the AEDPA. See Luna v. United States, No. CV F 95-05036 AWI, 2010 WL 2351716, at *1-2 (E.D. Cal. July 29, 2009) (AEDPA's ban and limitations on successive motions to vacate, set aside, or correct a sentence found to preclude defendant from bringing a petition for writ of audita querela).

Finally, the court also notes that even if petitioner were allowed to proceed with a successive § 2255 motion based on Apprendi, Booker, Blakely, and Jones, he would not be able to obtain relief because those cases have not been made retroactive. Gamboa, 608 F.3d at 495 ("[W]e have held that Booker does not apply to cases on collateral review."); Carrington, 503 F.3d at 890 ("[Even if petitioners had been granted permission to file second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), we have held that Booker does not apply to cases on collateral review."); Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004) (holding that neither the decision in Blakely nor that in Apprendi have been made retroactive to cases on collateral review); Newton v. United States, Nos. CV-F-96-6366 EDP/OWW, CR-F-94-5036

/////

---

[5] Petitioner's claims concerning ineffective assistance of counsel and prosecutorial misconduct would also be cognizable under § 2255.

EDP/OWW, 2008 WL 2225748, at *2 n.1 (E.D. Cal. May 28, 2008) ("Jones is not retroactive to cases on collateral review.").

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that petitioner's March 25, 2010 application to proceed in forma pauperis (Doc. No. 159) is denied.

Also, IT IS HEREBY RECOMMENDED that petitioner's March 25, 2010 petition for wit of error audita querela (Doc. No. 158) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 29, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
lopez228.querela